IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SAMANTHA STINSON, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-1244 |
| | § | |
| GC SERVICES, L.P., | § | |
| Defendant. | § | |

## **MEMORANDUM AND ORDER**

Pending before the Court is a Motion to Dismiss, or alternatively, a Motion for More Definite Statement [Doc. # 6], filed by Defendant GC Services, L.P. ("GC"). Upon review of the motion, all pertinent matters of record, and applicable law, the Court concludes that GC's Motion to Dismiss/Motion for More Definite Statement should be **denied**.

## **I.    FACTUAL BACKGROUND**

Stinson brings this lawsuit for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Texas Debt Collection Practices Act ("TDCPA"), TEX. FIN. CODE § 392.001 *et seq.*, and the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE § 17.41 *et seq.* Stinson also brings a claim for common law invasion of privacy by intrusion. Stinson alleges that

Defendant GC engaged in illegal debt collection practices while attempting to collect a debt owed by Stinson to an unnamed third party.

Specifically, Stinson alleges that GC made "threats" to Stinson's employer's Human Resources department and "requested that the HR department take action immediately to garnish [Stinson's] wages," in violation of the FDCPA, 15 U.S.C. § 1692d,[1] "threatened to garnish [Stinson's] wages before giving [Stinson] the notices required" by 15 U.S.C. § 1692g, in violation of the FDCPA, 15 U.S.C. § 1692e(5),[2] and "threaten[ed] to take actions in connection with collection of [Stinson's] debt prior to giving the notice" required by 15 U.S.C. § 1692g.[3] Stinson alleges similar violations of Texas law, citing to specific provisions of the TDCPA and DTPA, and asserts that GC's conduct constitutes an unlawful invasion of privacy.

GC seeks dismissal of Stinson's claims, arguing that her Complaint is too vague to "allow GC to conduct a reasonable investigation into the claims being made in the Complaint" and respond to the allegations. Alternatively, GC seeks a more definite

---

[1] Section 1692d of the FDCPA makes it unlawful for a debt collector to "engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.

[2] Section 1692e(5) of the FDCPA states that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of a debt," including making a "threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).

[3] Section 1692g of the FDCPA sets forth notice requirements that must be met by a debt collector to validate the debt allegedly owed. 15 U.S.C. § 1692g.

statement of Stinson's claims.

## II. STANDARDS OF LAW

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2002). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Id.* A claim is legally insufficient under Rule 12(b)(6) "only if there is no set of facts that could be proven consistent with the allegations in the complaint that would entitle the plaintiff to relief." *Power Entm't, Inc. v. Nat'l Football League Prop., Inc.*, 151 F.3d 247, 249 (5th Cir. 1998). However, "a statement of facts that merely creates a suspicion that the pleader might have a right of action" is insufficient to overcome a motion to dismiss. *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (quoting 5 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 1216 at 156–59).

A cause of action can fail to state a "claim upon which relief can be granted" if, *inter alia*, it fails to comply with the requirements of Rule 8(a)(2). *See, e.g.*, *Buerger v. Sw. Bell Tel. Co.*, 982 F. Supp. 1247, 1249–50 (E.D. Tex. 1997); *Bank of Abbeville & Trust Co. v. Commonwealth Land Title Ins. Co.*, 201 F. App'x 988, at *2 (5th Cir. Oct. 9, 2006) ("[A] Rule 12(b)(6) motion to dismiss for failure to state a

claim may be a proper vehicle to challenge the sufficiency of a pleading under Rule 8."). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The United States Supreme Court has made clear, however, that a plaintiff is obligated to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1964–65 (2007) (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986) (On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation.")). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 127 S. Ct. at 1965. "Rule 8(a)(2) still requires a showing, rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only fair notice of the nature of the claim, but also grounds on which the claim rests." *Id.* at 1965 n.3 (internal quotations omitted). When the complaint contains inadequate factual allegations, "this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id*. at 1966.

### III.   ANALYSIS

GC argues that Stinson has merely cited verbatim the statutory provisions at

issue without alleging any substantive facts in support. Although GC concedes that Stinson "has possibly set forth some general facts" with regard to the threats to garnish her wages and alleged failures to abide by statutory notice provisions, the company argues that "it is not clear as to whether [Stinson] actually pleads that GC took such an action, or if it is merely illustrative of the statutory provision." Accordingly, GC argues that Stinson's Complaint "fails to allege any facts addressing conduct of GC and fails to provide GC fair notice of the basis of [Stinson's] claims," thus preventing GC from "fram[ing] a responsive answer." The Court is wholly unpersuaded by this argument.

Stinson has alleged that GC engaged in specific unlawful debt collection practices with regard to a debt allegedly owed by her. There is no doubt that Stinson's allegations are directed specifically against GC and are not merely examples of unlawful conduct as GC contends. Moreover, to the extent GC argues that it is without sufficient information to investigate and respond to Stinson's allegations because "it is impossible for GC to determine . . . when the alleged offending collection contacts occurred, with what particular geographic location of GC," the Court is unpersuaded that dismissal is warranted. Stinson has provided her full name and the Civil Cover Sheet attached to her Complaint lists her county of residence as


Davidson County, Tennessee.[4]  The Court is confident that with this information, coupled with Stinson's initial disclosures, GC can locate Stinson's account and respond to the allegations in her Complaint.

## IV.   CONCLUSION

Stinson has met her obligations under Rule 8(a) and has alleged sufficient facts in support of her claims.  GC's contentions to the contrary are patently frivolous.  Accordingly, it is hereby

**ORDERED** that Defendant's Motion to Dismiss, or in the Alternative, Motion for More Definite Statement [Doc. # 6] is **DENIED**.

SIGNED at Houston, Texas, this **4th** day of **June, 2008.**

_____
Nancy F. Atlas
United States District Judge

---

[4]   *See* Civil Cover Sheet [Doc. # 1-1].